UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMIE EASTLAND,<br><br>               Plaintiff(s),<br>   v.<br>LOUIS DEJOY et al,<br><br>               Defendant(s). | CASE NO. 2:22-cv-01197-TL<br><br>ORDER DIRECTING AMENDMENT OF COMPLAINT |

This matter is before the Court on the Court's own motion to screen Plaintiff's Complaint (Dkt. No. 7) under 28 U.S.C. § 1915(e). Having considered the relevant record, the Court hereby declines to issue summons in this case and ORDERS Plaintiff to file an Amended Complaint to cure the deficiencies identified herein.

## I. BACKGROUND

This case arises out of Plaintiff Jamie Eastland's action against the U.S. Postal Service ("USPS") and certain of its officers and employees for allegedly discriminatory acts during

ORDER DIRECTING AMENDMENT
OF COMPLAINT - 1

Plaintiff's employment at USPS. Dkt. No. 7 at 2–3, 5. Plaintiff alleges that they[1] were assaulted at work on January 31, 2017, and inadequate action was taken to address the threat, as a result of which Plaintiff "was not able to come to work." *Id.* at 5. It appears that Plaintiff filed for unemployment in May 2017 and was eventually terminated from their position sometime after they attended a deposition in or around May 2019. *Id.* Plaintiff does not explain the circumstances of the deposition. Plaintiff also alleges that Defendants created a "hostile work environment" in retaliation for their "union activities, [their] race, and filing an [Equal Employment Opportunity Commission ("EEOC") charge] against the Postal Service." *Id.* at 5–6. Plaintiff appears to have filed a charge with the EEOC and received a "right to sue" notice letter on an unspecified date. *Id.* at 6. Plaintiff brings this action under diversity jurisdiction but does not assert any causes of action (*id.* at 3), and he seeks compensatory damages and injunctive relief (*id.* at 6).

Plaintiff proceeds *pro se*, or without counsel. Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). Dkt. No. 6. No summons has yet issued.

## II.   DISCUSSION

A district court must dismiss an IFP case if it fails to state a claim upon which relief may be granted, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the claimant is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). The factual allegations of a complaint must

---

[1] Plaintiff's sex or gender is unclear from the pleadings. Therefore, the Court uses the gender-neutral pronoun "they/them" to refer to Plaintiff.

state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Court is mindful that a *pro se* complaint must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Nonetheless, a *pro se* complaint must "meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). A court should "not supply essential elements of the claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, No. 19-cv-00789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Plaintiff fails to allege facts supporting a plausible claim for relief against Defendants. Plaintiff simply does not assert any causes of action (Dkt. No. 7 at 3)—that is, any law that Defendant has violated under which Plaintiff may recover damages and other relief. As this failure deprives Defendants of a fair notice of Plaintiff's claims and allegations against Defendants, this alone warrants dismissal of the action. *See, e.g.*, *Alem v. Ter-Veen*, No. C22-409 (W.D. Wash. Apr. 5, 2022) (ordering plaintiff to file amended complaint in part because the "Complaint is devoid of sufficient citations to law to bring a cause of action against these Defendants").

Significantly, the Court is unable to determine Plaintiff's intended cause(s) of action even under the most liberal interpretation of the Complaint. Taking its references to "hostile work

environment," "retaliation," "race," etc. together, the Complaint *could* be construed as attempting to seek claims under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e–2000e-17, for employment discrimination by Defendants on the basis of race. But this is contradicted by Plaintiff's failure to use the template for filing a complaint for employment discrimination.[2] Plaintiff also lists diversity jurisdiction as the basis for this Court's jurisdiction of this matter and "Other Labor Litigation" (rather than employment discrimination, for example) as the basis of his claims in the civil cover sheet (Dkt. No. 1-2), which further suggests that Plaintiff seeks state law claims and no federal claim. In any case, diversity jurisdiction does not exist where one or more Defendants reside in the same state as Plaintiff, as here. *See* 28 U.S.C. § 1332; Dkt. No. 7 at 1–2 (Plaintiff and three Defendants located in Washington).

In any case, assuming Plaintiff seeks to assert one or more claims under Title VII (in which case, the Court would have federal question jurisdiction over this action), they nonetheless fail to provide specific factual allegations sufficient to support such claims. The Complaint is clear in alleging that an altercation occurred at work and that Plaintiff did not feel comfortable returning to work. Dkt. No. 7 at 5. What is *not* clear is whether and how the January 2017 altercation constituted discriminatory actions, and on what basis, as well as what specific actions Defendants took or failed to take in the aftermath of the altercation. Plaintiff's most specific and potentially concerning allegation, that "[w]e found an email during discovery in my EEOC case from the Western area manager Mike Carrey saying he wants action taken against me by close of business on that day" (*id.* at 6), still lacks the necessary context to support Plaintiff's claims, such as what Mr. Carrey was responding to and whether any "action" was, in fact, taken against Plaintiff.

---

[2] Available here: https://www.wawd.uscourts.gov/sites/wawd/files/ProSe7Complaint-EmploymentDiscrimination.docx.

ORDER DIRECTING AMENDMENT
OF COMPLAINT - 4

|   |   |
|---|---|
| 1 | Plaintiff also does not specify their race or any other specific words or actions by another |
| 2 | individual (other than the vague allegations that he was "challenged to a fight and was |
| 3 | assaulted"), and Plaintiff's repeated claims of a "hostile work environment" or "retaliation" |
| 4 | assert a legal conclusion rather than providing factual details necessary for the Court to reach |
| 5 | these legal conclusions. *See id.* at 5–6.[3] In short, even under a liberal construction of the |
| 6 | Complaint, the Court lacks sufficient detail to find that the Complaint states a claim for relief |
| 7 | that is plausible on its face. *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678. |
| 8 | Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be |
| 9 | freely given when justice so requires." In particular, "[a] district court should not dismiss |
| 10 | a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of |
| 11 | the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th |
| 12 | Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per |
| 13 | curiam)) (holding that district court erred by failing to explain deficiencies of a *pro se* civil rights |
| 14 | complaint and dismissing without leave to amend). The deficiencies identified in the Complaint |
| 15 | are of the type that might be corrected. Therefore, Plaintiff is granted permission to file an |
| 16 | amended complaint that cures the deficiencies identified above. |

### III.   CONCLUSION

|   |   |
|---|---|
| 18 | Accordingly, the Court hereby declines to issue summons and ORDERS that Plaintiff shall |
| 19 | file an Amended Complaint by **November 5, 2022**. In the Amended Complaint, Plaintiff must |
| 20 | list all the elements of his existing Complaint, including the Parties and allegations, plus |

---

[3] Plaintiff is required to exhaust his administrative remedies before filing a Title VII action, which ordinarily entails filing a charge with the EEOC and following its processes for considering a federal employee complaint. *See generally* Federal EEO Complaint Processing Procedures, U.S. EEOC, https://www.eeoc.gov/publications/federal-eeo-complaint-processing-procedures (last visited Oct. 5, 2022). Plaintiff references an EEOC investigation (Dkt. No. 7 at 6), but fails to provide a copy of the records or indicate whether the administrative processes were exhausted before filing this action.

additional facts and citations to law addressing the above-identified deficiencies. All relevant facts must be included in the Amended Complaint and not in attachments. If Plaintiff seeks to pursue a Title VII claim for employment discrimination, the Court encourages the use of the form available on the Court's website at:

https://www.wawd.uscourts.gov/sites/wawd/files/ProSe7Complaint-EmploymentDiscrimination.docx. Failure to file a timely Amended Complaint will result in dismissal of this case.

Dated this 6th day of October 2022.

Tana Lin
United States District Judge